# Cassidy *versus* Conway.

When a survey has been once made, returned, and accepted, a new one cannot be made without the assent of the officers of the Commonwealth, and not even then, so as to affect intervening rights.

Nor can such survey when so made, returned, and accepted, be changed by the officers of the Commonwealth, without the previous assent or subsequent acquiescence of the owner of the survey.

The assent of a warrant-holder to an original survey is presumed, but not so as to a subsequent one, unless he had asked for it or claimed under it.

Whether a warrant has been shifted, or whether it has been located upon the land it calls for, are questions of fact to be determined by the jury.

ERROR to the Common Pleas of *Cambria county*.

Patrick Conway, the plaintiff, brought ejectment against Lawrence Cassidy and Michael Nagle, to recover from them a tract of land alleged to be in their possession, surveyed in pursuance of a warrant in the name of David Hammond, Sr., dated the 25th October, 1773, for "three hundred acres of land adjoining Joseph Fields, on some of the head waters of Juniata, in the county of Bedford," endorsed "No. 37," and a survey of 301½ acres and allowance, by Thomas Smith, D. S., on the 15th of June, 1776, also endorsed "No. 37."  A tax sale of the same land to James C. McGuire, and a regular title from McGuire to himself.  The defendants severed in their defence.  Nagle showed an adverse possession of the land he claimed for more than 21 years, and a verdict was rendered in his favour.  Lawrence Cassidy gave in evidence, and showed title thereto in himself and his brother Lewis a warrant to Jacob Fawns, dated the 10th of April, 1776, for "300 acres of land on the south side of Clearfield Creek, to adjoin

[Cassidy v. Conway.]

an old surveyed line about one mile below, where the path crosses said creek from Frankstown to Kittaning, in Westmoreland county." A survey thereon of 332 acres 25 perches, per John Henderson, "deputed for this service," on the 24th June, 1776. For the purpose of invalidating the plaintiff's title under the David Hammond survey, the defendants gave in evidence a survey of 337 acres, made on the 7th November, 1786, by George Woods, D. S., in pursuance of the same warrant, in the name of David Hammond, which latter survey was returned into the surveyor general's office on the 29th March, 1787. This last survey did not cover the land in dispute, but was located at a different place from the first survey made upon the same warrant.

The first survey as located, and the Jacob Fawns survey, under which Cassidy claimed, interfered with each other, and were the subject-matter upon which the questions in this Court were raised.

That portion of his Honour Judge TAYLOR'S charge, which is material, is as follows :—

"Which is the better title, the Hammond or the Jacob Fawns?

"The Hammond is the older warrant, and the prior survey. The survey upon it was made on the 15th, and the survey upon the Jacob Fawns on the 24th of June, in the same year. This, if both were indescriptive, or descriptive and not shifted, warrants, would determine the priority of the Hammond. But the defendant alleges that the Hammond was *shifted ;* and that the title under it would date only from the 5th of August, when it was accepted, after the date of the Fawns survey. And such is the law with respect to a *shifted* warrant. Whether a warrant has or has not been shifted, must be determined by the jury, from the evidence fixing the marks or localities called for, and the location of the survey : but it is necessary to inquire and settle in the first place, what is to be considered a *shifting,* such as will postpone the title until notice, or until the acceptance of the survey. [The Court here read to the jury the observations of Judge GIBSON, in 10 *Ser. & R.* 216, and continued :] It will thus be seen that to constitute a *shifting,* the survey must be so separated from the place described in the warrant, as to show that it was removed from the ground which was first intended ; so as to show a change of intention. When the warrant is not precisely descriptive, but loose or vague in the terms of description, and the location answers the calls with reasonable certainty, it is not shifted, though *all* the calls may not be precisely met or answered.

"These are both descriptive warrants ; both loose or vague, rather than precise, in the terms of description ; as we notice in the description contained in one of them, 'on *some* of the head waters of Juniata ;' and in the other, 'on the south side of Clearfield Creek, to adjoin *an old surveyed line about one mile below* where the path crosses said creek.' The Hammond warrant calls for

[Cassidy *v.* Conway.]

' 300 acres of land adjoining Joseph Fields on some of the head waters of Juniata, in the county of Bedford.' The survey is shown to adjoin Fields; and it is shown that Fields lies on the head waters of the Juniata, which the plaintiff contends locates the survey according to the literal terms and true and natural meaning of the description. But if it adjoins the Fields (the only certain call in the description), and is not over 40 rods, as the witnesses of the defendant prove, from the nearest Juniata waters, we say that the calls, in any construction of the description of the warrant, are sufficiently met and answered by the location; and that it is not shifted.

" The case then, gentlemen, may be committed to you in a few words. You will regard the survey of 301½ acres, made the 16th of June, 1776, and through a tax sale of which the plaintiff claims, as a valid survey, and the only valid survey upon the David Hammond warrant, if another survey was afterwards made upon that warrant; and, finding it to be located where the plaintiff claims it to lie, and not shifted, it entitles him to your verdict against Lawrence Cassidy for all the land in his possession, or included within the Jacob Fawns survey, and for which that defendant has taken defence. The other defendant, Michael Nagle, has made out a complete defence under the statute of limitations, and is entitled to a verdict in his favour."

The defendant excepted to this charge, and the jury found for the plaintiff.

The defendant assigned for error, the ruling of the Court that the survey of the 16th June, 1776, was the proper and legal survey of the Hammond warrant; and also, that the Court had taken the questions of fact from the jury.

*J. G. Miles,* for plaintiff in error.—There were facts which should have been submitted to the jury, to show an abandonment of the first survey, and a voluntary change of location by legal authority. Every survey will be presumed to be made with the consent of the warrantee, unless the contrary appear: 2 *Yeates* 88, 89; 4 *W. & Ser.* 80. There were facts raising a powerful presumption that the Hammond warrant was relocated by authority. The maxim *omnia præsumuntur rite esse acta* is as applicable to the land office as to Courts: 6 *Harris* 302. A survey unimpeached for 21 years is conclusively presumed to have been regular: *Id.* 299. It should have been left to the jury to say whether the survey had not been changed: 3 *Harris* 143.

Even records, when necessary to the stability of titles evidenced by long possession, may be presumed: *Matthews on Pres. Ev.* 193; *Cowp.* 109, 110; 3 *T. R.* 158; 2 *Ves. Jr.* 583. Or a private Act of Parliament: *Matthews* 195; Farrer's Case, cited

[Cassidy v. Conway.]

*Skin.* 78; 12 *Viner* 58, pl. 11. Or a charter: *Cowp.* 102. Or a grant: 3 *Ser. & R.* 509.

*H. D. Foster*, for defendant in error.—The Court did not take the facts from the jury, but expressly submitted the question of location to them. The Court reiterated the law as laid down by this Court in 10 *Ser. & R.* 216, as to what would constitute a shifted warrant. Where a survey is made and returned, the authority is exhausted, and no other can be made without an order of resurvey: 2 *Watts* 397 ; 3 *Watts* 413. On the question of whether there was an abandonment of the first survey, and a relocation on different ground, there were no facts to raise such a presumption, and nothing to leave to the jury. No possession ever taken of the second survey by the owner. The second survey was void; the owner could not abandon it. Even if the second survey had been made with Hammond's consent, it would have made no difference, as it would have been utterly void. We do not deny that after 21 years the law will presume that a survey was regularly made on the ground. It must, however, still be determined as other questions of fact, as to what land was actually embraced in it. There is no authority for saying that where there are two surveys covering the same land, that after 21 years the void survey is to be presumed regular, and the other irregular.

The opinion of the Court was delivered by

Knox, J.—Ever since the case of Drinker *v.* Halliday, 2 *Yeates* 88, the rule has been established in Pennsylvania that, where a survey has been once made, returned, and accepted, a new one can not be made without the assent of those representing the Commonwealth, and not even then so as to affect intervening rights: 4 *Ser. & R.* 343; 10 *Ser. & R.* 23. It follows, from the above rule, that a survey which has been duly made, returned, and accepted, cannot be changed by the officers of the Commonwealth without the previous or subsequent assent of the owner of the survey. The original survey of the David Hammond warrant clearly included the land in dispute ; but it is said that this survey was abandoned, and that a second survey was made upon the same warrant, ten years afterwards, of entirely different lands. It is very probable that the two surveys were made upon the same warrant. In the one, the warrantee is called "David Hammond, Sr.," and the other "David Hammond;" the date and the number, however, is the same in both surveys, and the second has an endorsement which appears to refer to the first. Had the resurvey been made by the direction of the owner of the warrant, or if the owner had adopted it after it was made, claimed, and held the land included in it, the original survey would have been of no validity; but it does not appear from the evidence that the original

[Cassidy *v.* Conway.]

warrantee, or any one whose title was derived from him, applied for the second survey, or ever recognised it in any manner whatever; and, in the absence of evidence of this kind, the Court of Common Pleas was clearly right in instructing the jury that the first survey was the legal one. The assent of a warrant-holder to an original survey is presumed, but not so as to a subsequent one, unless he had asked for it, or claimed under it. This disposes of the three first assignments of error.

The second ground of defence upon the trial was, that, even if the plaintiff's survey, including the land in controversy, was not abandoned, it only gave title from its return, as the warrant had been shifted. A precisely descriptive warrant gives title from its date. Where the warrant is general, or the description loose or vague, the title dates from the survey; and, when the warrant is shifted, from the return and acceptance of the survey. The David Hammond warrant called for "300 acres of land adjoining Joseph Fields, on some of the head waters of Juniata, in the county of Bedford." The survey adjoined "Joseph Fields," but it was alleged to have been shifted because it did not lie on the waters of the Juniata.

It is the province of the jury to say whether a descriptive warrant has been located upon the land it called for or not, and we can see no grounds of complaint against the manner in which the question was submitted to the jury in the case now under consideration. The language of the assignment of error is this: "The Court erred in taking from the jury the question raised by the evidence, whether the survey of 301½ acres, made first on the David Hammond warrant, had not been shifted from the ground described in the warrant; and in their instruction to the jury that it had not been shifted." This assignment appears to be based upon a misapprehension of the charge given in the Court below. The question was not withdrawn from the jury, but, we repeat, was fairly submitted to them; and, as the words of the charge complained of are not given in the assignment, in accordance with the rule of this Court, we do not deem it either proper or necessary to discuss now in detail this branch of the case.

In answer to the 5th specification we have only to say, that the instruction assigned for error is not to be found in the charge.

Judgment affirmed.